United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States *ex rel.* Troy Olhausen, Plaintiff, <br><br> v. <br><br> Arriva Medical, LLC, and others, Defendants. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 21-23916-Civ-Scola |

## Order

This case has been stayed since May 26, 2023 because of the appeal of a related case to the Supreme Court. (ECF No. 22.) The Defendants have now moved to lift the stay because the Supreme Court has issued its opinion, eliminating the basis for the stay in their view. (ECF No. 30.) The Plaintiff has responded (ECF No. 39) and the Defendants have filed a reply (ECF No. 40). The Court has considered the briefing, the record, the relevant legal authorities, and is otherwise fully advised. The motion is **denied** for the following reasons. (**ECF No. 30**.)

### 1. Background

This qui tam action is a re-filing of a case that this Court dismissed without leave to amend but without prejudice in 2020. *See Olhausen v. Arriva Med., LLC*, 482 F. Supp. 3d 1228 (S.D. Fla. 2020) (Scola, J.) ("*Olhausen I*"). The Plaintiff, Troy Olhausen, appealed that dismissal and denial of his motion for reconsideration. On April 22, 2022, the Eleventh Circuit affirmed the dismissal of *Olhausen I*, and Olhausen filed a petition for writ of certiorari with the Supreme Court to address the meaning of scienter under the False Claims Act. The Supreme Court granted certiorari in two related cases on the same question on January 13, 2023 and issued its decision on June 1, 2023. *See United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739 (2023). The Supreme Court also remanded *Olhausen I* for the Eleventh Circuit to reconsider in light of the *Schutte* holding on June 30, 2023. *Olhausen v. Arriva Med., LLC*, 143 S. Ct. 2686 (2023) (mem.).

While the Eleventh Circuit was considering the appeal of *Olhausen I*, Olhausen filed the instant action on November 7, 2021 against the same Defendants, Arriva Medical, LLC, Alere, Inc., and Abbott Laboratories, Inc., for "a fraudulent course of conduct connected to Medicare billing in violation of the federal False Claims Act[.]" (ECF No. 1.) On May 26, 2023, Judge Moreno

granted Olhausen's motion to stay this case pending the Supreme Court's decision in *Schutte*. (ECF No. 22.) The Defendants have now moved for the Court to lift the stay so that they may file a motion to dismiss. (ECF No. 30.)

### 2. Legal Standard

"A district court has the authority to issue a stay of the proceedings pending resolution of a related matter in another court." *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No. 12–20756–Civ, 2012 WL 1852941, at *1 (S.D. Fla. May 21, 2012) (Scola, J.) (citing *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)). "[T]he Eleventh Circuit has approved of stays pending appellate resolution of a related case, especially where the related matter is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Stoll v. Musculoskeletal Inst., Chartered,* No. 8:20-cv-1798-CEH-AAS, 2021 WL 632622, at *2 (M.D. Fla. Feb. 18, 2021) (citing *Ring v. City of Gulfport*, No. 8:20-CV-593-T-33CPT, 2020 WL 3895435, at *4 (M.D. Fla. July 10, 2020). The Court must ensure, of course, that the stay "does not prove 'immoderate'—that is to say, too long, too indefinite, or without proper justification. . . ." *NIACCF*, No. 12-20756-CIV, 2012 WL 1852941, at *1. To this end, courts also must consider the relative prejudice and hardship "worked on each party if a stay is or is not granted," and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010).

### 3. Analysis

The Defendants contend that the Court should lift the stay on this case so that they may move to dismiss the complaint for various reasons, both procedural and substantive. (*See generally* Defs.' Mot., ECF No. 30.) Most importantly, they argue, this re-filing is barred by the first-filed rule, which requires the dismissal of an FCA case filed during the pendency of another related FCA case. (*Id.* at 5.) Because the Supreme Court and Eleventh Circuit's review of *Olhausen I* does not implicate the first-filed bar, the Defendants argue that this Court should lift the stay on this case and consider their motion to dismiss without waiting for the Eleventh Circuit to act on *Olhausen I*. (*Id.*)

Olhausen responds that the Court should keep the stay in place for now because the Eleventh Circuit's decision on remand from the Supreme Court could impact the Court's consideration of the motion to dismiss. (Pl.'s Resp., ECF No. 39 at 5-6.) Olhausen also argues that the Eleventh Circuit is likely to issue its decision in months rather than years, making the continued stay reasonable in length. (*Id.* at 7.) Olhausen proposes that the stay be lifted upon

the Eleventh Circuit's decision and that the parties be given 14 days from that date in which to confer and file a joint status report. (*Id.* at 9.)

On balance, the harm from maintaining the stay for the moment is lesser than the potential inefficiencies and costs of plowing ahead with this case prematurely. The Defendants' motion to dismiss does argue that the case should be dismissed under the first-filed doctrine, but it also makes several other arguments for dismissal, including based on the scienter requirement under the False Claims Act. (*See* ECF No. 31.) If the Court lifted the stay now, it would potentially need to consider the motion to dismiss piecemeal in order to ensure it does not prematurely address the scienter requirement before the Eleventh Circuit has commented on the implications of the Supreme Court's *Schutte* decision. It makes little sense for the Court to expend resources doing so or for the parties to fully brief these issues before the Eleventh Circuit has issued its ruling. Although this case may ultimately be dismissed on procedural grounds, the Court is not convinced that complicating matters by lifting the stay now just to avoid a delay of another few months is justified, especially when the Eleventh Circuit's decision may simplify some of the issues and allow this Court to streamline its analysis. *See Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F. Supp. 3d 1183, 1187 (S.D. Fla. 2020) (Moore, J.) ("[T]he potential for inconsistent rulings combined with the lack of undue prejudice and likelihood of simplifying the issues in this case provide compelling reasons to maintain the stay.")

Additionally, the Court recognizes that these actions have remained pending for a long time and that businesses are not fond of public fraud allegations, but the Defendants do not offer any compelling reasons to rush at this stage. Delay alone does not cause undue prejudice. *See Elias LLC v. Virage Cap. Mgmt., LP*, No. 23-22752-CIV, 2023 WL 6534486, at *4 (S.D. Fla. Sept. 15, 2023) (Altonaga, J.) (cleaned up). And this delay is justified both because of the Supreme Court's instructions to the Eleventh Circuit and because the delay should be minor. The Court therefore denies the Defendants' motion and will allow the stay to remain in place for judicial efficiency and in order to avoid inconsistent rulings with the Eleventh Circuit on the sufficiency of the Plaintiff's substantive allegations.

### 4. Conclusion

For the foregoing reasons, the Court **denies** the Defendants' motion to lift the stay without prejudice, and this case shall remain administratively closed. (**ECF No. 30**.) Any pending motions are **denied as moot**.

The parties are directed to inform the Court within 7 days of the Eleventh Circuit's order in *Olhausen v. Arriva Medical, LLC*, No. 21-10366, addressing

the implications the Supreme Court's decision in *Schutte* and to meet and confer and file a joint status report within 14 days of the Eleventh Circuit's order.

**Done and ordered** in Miami, Florida, on January 10, 2024.

Robert N. Scola, Jr.
United States District Judge