United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States *ex rel.* Troy Olhausen, Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 21-23916-Civ-Scola<br>)<br>) |
| Arriva Medical, LLC, and others, Defendants. | )<br>) |

## Order Granting Stay of Discovery

  In this case, the Defendants move to stay discovery pending resolution of their motion to dismiss. (Defs.' Mot., ECF No. 51.) The Defendants argue, *inter alia*, that the Plaintiff's suit should be dismissed under the False Claims Act (FCA)'s "first to file bar," 31 U.S.C. § 3730(b)(5). (*Id.* at 4.) The Plaintiff opposes the Defendants' motion to stay discovery, arguing that the first-to-file bar is inapplicable and staying discovery would be prejudicial and inefficient. (Pl.'s Resp., ECF No. 53, at 3, 6-7.) There is no need for the Defendants to file a reply. For the reasons below, the Court **grants** the Defendants' motion (**ECF No. 51**) and **stays discovery** pending resolution of the Defendants' motion to dismiss (ECF No. 50).

  District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, preliminary motions which may likely dispose of an entire suit should be resolved as soon as practicable to obviate avoidable discovery costs. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). However, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

  To evaluate whether there is a strong likelihood "the motion [to dismiss] will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at its merits. *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (cleaned up). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *Id.* at 652 (cleaned up). Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the

delay and protraction of discovery can also create case management and scheduling problems—for both the Court and the litigants—and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53. Ultimately, the proponent of the stay, here the Defendants, bears the burden of demonstrating a stay's necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

The Court has taken a preliminary peek at the merits of the Defendants' motion and finds that it is likely to be granted. The Court believes that disposing of the Defendants' motion will be straightforward, absent a compelling showing by the Plaintiff in his opposition.

The FCA's "first-to-file bar provides that when a person brings an action no person other than the Government may intervene or bring a related action based on the facts underlying the *pending* action." *Kellogg Brown & Root Srvs., Inc. v. United States ex rel. Carter*, 575 U.S. 650, 662 (2015) (cleaned up). "[A] *qui tam* suit under the FCA ceases to be 'pending' once it is dismissed." *Id.* at 664.

The Plaintiff believes that his first case ceased to be "pending" when the Court dismissed it without prejudice and closed the case. (Pl.'s Resp., at 3.) Thus, according to the Plaintiff, the first-to-file bar does not apply when he filed his second action. (*Id.*) The Court disagrees. The Plaintiff filed a notice of appeal in his first case on February 2, 2021. *See United States ex rel. Olhausen v. Arriva Medical, LLC*, et al., Case No. 19-cv-20190-Civ-Scola (S.D. Fla.), ECF No. 83. This case was filed nearly nine months after that notice of appeal and while the appeal was still pending. (Compl., ECF No. 1.) So, the Plaintiff's prior case—which undoubtedly is based on the same facts as the one before the Court here—was pending at the time of the Plaintiff's filing of this case because it was still on appeal. *See Miccosukee Tribe of Indians of Fl. v. United States Dept. of Treasury*, Case No. 20-cv-23182-KMW, 2020 WL 9720369, at *3 (S.D. Fla. Oct. 1, 2020) (Williams, J.) ("Courts have routinely applied the first-filed rule when the dismissal of the earlier-filed case is pending on appeal." (collecting cases)). If the Court were to conclude otherwise, the first-to-file rule would be potentially frustrated when an appeal is successful because a successful appeal would result in two pending suits on the same subject matter—the scenario that the FCA seeks to avoid. Indeed, the Plaintiff's appeal in his first-filed matter was partially successful and his first-filed case is thus still pending. (*See* Mandate of Eleventh Circuit Court of Appeals, Case No. 19-cv-20190-Civ-Scola, ECF No. 92.) This current case likely violates the FCA's first-to-file bar.

The Defendants have also shown that "the likely costs and burdens of proceeding with discovery" outweigh "the harm produced by a delay in

discovery." *Feldman*, 176 F.R.D. at 652. Notably, it has been the Plaintiff that has in the past opposed the lifting of a stay in this case—a stay much longer than the one the Defendants are currently proposing. (*See, e.g.*, Pl.'s Resp. to Def.'s Mot. to Lift Stay, ECF No. 39.) In that opposition, the Plaintiff himself stated that "[a] mere delay in litigation does not establish undue prejudice" and that "the stage of this litigation weighs in favor of a stay because this dispute is at an early juncture with fact discovery yet to commence and no trial date set." (*Id.* at 8.) The Plaintiff thus specifically asked for the "holding pattern" it now cites as a reason to deny the Defendants' motion to stay. (Pl.'s Resp., at 7.) On balance, the Court finds that an additional (and shorter) stay in discovery is warranted given the likely dismissal of this case. The Defendants' motion to dismiss presents almost exclusively legal questions that are "likely to be dispositive." *See Olfumei v. Exclusive Assoc. Mgmt.*, 2024 WL 710547 (11th Cir. Feb. 21, 2024) ("When there is a pending motion that presents a purely legal question and is likely to be dispositive, a district court may stay discovery pending the resolution of the motion." (cleaned up)).

The Court thus **grants** the motion (**ECF No. 51**.)

**Done and ordered**, in Miami, Florida, on April 2, 2025.

_____
Robert N. Scola, Jr.
United States District Judge