United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States *ex rel.* Troy Olhausen, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-23916-Civ-Scola |
| Arriva Medical, LLC, and others, Defendants. | ) ) ) | |

**Omnibus Order Granting Motion to Dismiss
and to Show Cause**

This cause comes before the Court upon the Defendants' motion to dismiss with prejudice the complaint (ECF No. 50). The Plaintiff has filed a response (ECF No. 55), and the Defendants have filed a reply (ECF No. 56). The Court has considered the briefing, the record, the relevant legal authorities, and is otherwise fully advised. For the reasons that follow, the Court **grants** the Defendants' motion to dismiss (**ECF No. 50**). Counts I and II are dismissed **with prejudice**, while the Court will determine whether Count III is dismissed with or without prejudice following the parties' response to the Court's order to show cause.

1. **Background**

On January 14, 2019, the Plaintiff, Troy Olhausen, filed a separate *qui tam* action based on the same conduct. (*See generally* Compl., *United States ex rel. Troy Olhausen*, Case No. 1:19-cv-20190-RNS (S.D. Fla.) ("*Olhausen I*"), ECF No. 1.) In that case, Olhausen alleges that the Defendants engaged in a "fraudulent course of conduct connected to Medicare billing in violation of the federal False Claims Act, 31 U.S.C. § 3729 *et* seq." (*Olhausen I*, Third Am. Compl., ECF No. 58 ¶ 1.) In the operative complaint in that case, Olhausen brought six causes of action: (1) false claims for invalid prescriptions (Count I); (2) false claims for failure to obtain authorizations of benefits (Count II); (3) false claims for submitting claims for medical unnecessary medical items (Count III); (4) false claims submitted by undisclosed, unaccredited locations (Count IV); (5) unsolicited contacts (Count V); and conspiracy (Count VI). (*See id.* at 68-79.)

On August 26, 2020, the Court granted the Defendants' motion to dismiss all claims in *Olhausen I*. (*Olhausen I*, ECF No. 74.) The Court dismissed Counts I, III, and V with prejudice, and Counts II, IV, and VI without prejudice

and without leave to amend. (*Id.* at 14.) The Court subsequently denied Olhausen's motion for reconsideration of the Court's order denying leave to amend. (*Olhausen I*, Order Denying Mot. for Reconsideration and for Leave to Amend, ECF No. 82.) *Olhausen* then appealed, but only with respect to the Court's dismissal of Counts II, Count IV and VI. (*Olhausen I*, Defs.' Mot. to Dismiss Ex. A., Pl.'s Appellate Brief, ECF No. 109-1.) Olhausen did not appeal (1) the Court's dismissal of Counts I and III nor, notably, (2) the Court's denial of his attempt to amend his complaint.

On January 21, 2025, the Eleventh Circuit issued its mandate in *Olhausen I*, in which it vacated the Court's dismissal of Counts II and VI but affirmed this Court's dismissal of Count IV "in its entirety." (Mandate of Eleventh Circuit, ECF No. 92 at 39.) Thus, Counts II and VI remain active in *Olhausen I*, pending a motion to dismiss in that case, while Count IV has been dismissed.

On November 7, 2021, while that appeal was pending, Olhausen filed this suit against the Defendants based on the same conduct ("*Olhausen II*"). Here, Olhausen brings three causes of action for violations of 31 U.S.C. §§ of 3729(a)(1)(A) and B: (1) false claims submitted pursuant to fraudulently induced and obtained contracts (Count I); (2) using false statements in false claims from undisclosed, unaccredited locations (Count II); and (3) failure to obtain assignments of benefits (Count III). Olhausen does not dispute that Counts I and II in *Olhausen II* allege the same underlying conduct as Count IV in *Olhausen II*, albeit with additional factual allegations. (*See generally* Pl.'s Resp.) Moreover, Count III here is the same cause of action as Count II in *Olhausen I*, again albeit with additional factual allegations. (*Compare Olhausen I*, Third Am. Compl. at ¶¶ 371-82 *with Olhausen I*, Compl. ¶¶ 304-20.) So, in sum, Olhausen (1) appealed the Court's decision in *Olhausen I* with respect to the Court's dismissal of Counts II, IV, and VI; (2) opted not to appeal the Court's denial of his attempt to amend his complaint in *Olhausen I*; and (3) filed a new complaint (*Olhausen II*), in which Counts I and II are purportedly new and improved versions of Count IV in *Olhausen I*, and Count III a new and improved version of Count II in *Olhausen I*.

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (cleaned up). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Discussion

The Defendants argue that "[t]he Court should dismiss for five reasons, four of which require dismissal of this entire case." (Defs.' Mot., at 5.) The Defendants specifically believe that the case should be dismissed because: (1) the FCA's first-to-file bar prohibits *Olhausen II*; (2) Counts I and II are prohibited by *res judicata*; (3) the Court should exercise its discretion "to protect judicial resources and rebuke the use of duplicative litigation as a coercive tool;" (4) Olhausen does not adequately plead falsity, materiality or scienter, and particularity with respect to Counts I and II; and (5) FCA *qui tam* actions are unconstitutional. (*Id.*)

The Court need not reach issues (4) and (5), because this complaint is prohibited by the FCA's first-to-file rule and Counts I and II are prohibited by *res judicata*. Therefore, Counts I and II are dismissed with prejudice. The Court will determine whether Count III is dismissed with or without prejudice following the parties' response to the Court's order to show cause.

### A. First-to-File Rule

The FCA's "first-to-file" rule provides that "[w]hen a person brings an action [alleging a violation of section 3729], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). Thus, "the first-to-file bar [] precludes a *qui tam* suit based on the facts underlying a pending action." *Kellogg Brown & Root Srvs., Inc. v. United States ex. rel. Carter*, 575 U.S. 650, 654 (2015) (cleaned up).

The Defendants' argument is simple: "[b]ecause Olhausen filed [*Olhausen II*] while *Olhausen I* was pending on appeal, the Court must dismiss it under the FCA's first-to-file bar." (Def.'s Mot., at 5.) Olhausen does not dispute that *Olhausen II* is "related" to the conduct alleged in *Olhausen I*. Instead, Olhausen believes that because *Olhausen I* was dismissed without prejudice by this Court, it was no longer "pending" and *Olhausen II* does not violate the FCA's first-to-file bar. (Pl.'s Resp., at 3-4.)

As support for his argument that *Olhausen I* is no longer "pending" for purposes of the FCA's first-to-file bar, Olhausen relies on *Kellogg*, in which the Supreme Court held that "a *qui tam* suit under the FCA ceases to be 'pending' once it is dismissed." 575 U.S. at 664. *Kellogg* is, of course, binding authority on this Court. But *Kellogg* does not mean that the FCA's first-to-file bar is inapplicable here. The issue in *Kellogg* was whether the first-to-file bar "keeps new claims out of court only while related claims are still alive or whether it may bar those claims in perpetuity." *Id.* at 653. It answered that question in the affirmative. *See id.* at 664. It did not answer the question before this Court, which is whether a case is considered "pending" when the case is dismissed by the district court but the plaintiff decides to appeal that dismissal. The Court answers that question in the affirmative and concludes that *Olhausen II* violates the FCA's first-to-file bar.

As the Supreme Court explained in *Kellogg*, "pending" under the FCA should be interpreted "in accordance with its ordinary meaning." *Kellogg*, 575 U.S. at 662. "The term pending means remaining undecided, awaiting decision." *Id.* (citing Black's 1314 (11th ed. 2014) (cleaned up).) In other words, "pending" means "not yet decided: in continuance: in suspense." *Id.* (citing Webster's Third 1669 (1976).)

Because *Olhausen I* was on appeal when *Olhausen II* was filed, it "remain[ed] undecided, waiting decision," was "in continuance" and "in suspense." *Id.* (citations omitted). Olhausen argues that this "interpretation of the word 'pending' . . . is at odds with the plain meaning of the term utilized by Congress." (Pl.'s Resp., at 6.) But he does not explain how that is so, and it is *his* interpretation that is at odds with the term's plain meaning. To hold otherwise would provide an anomalous result: the appeal in *Olhausen I* was partially successful and that case is indisputably pending before this Court today. So, allowing a second related action to be filed while the first is pending on appeal could eventually "result in two pending suits on the same subject matter—the scenario that the FCA seeks to avoid." (Order Granting Stay in Discovery, ECF No. 54 at 2.); *see also United States ex rel. Carter v. Halliburton Co.*, 19 F. Supp.3d 655 (2014) (*"Carter II"*) ("Applying the first-to-file bar while a related case remains on direct review forecloses the possibility of duplicative lawsuits in the event of a remand, which, as noted above, is exactly what [C]ongress hoped to avoid through this statute." (citation omitted)); *United States ex rel. Carter v. Halliburton Co.*, No. 1:10cv864 (JCC/TCB), 2011 WL 2118227, at *5 (E.D. Va. May 24, 2011 (*"Carter I"*) ("[W]hile on appeal that case is a pending action for purposes of the first-to-file bar.").

Olhausen argues *Carter I* "preceded" *Kellogg*, implying that it is no longer good law. (See Pl.'s Resp., at 6.) But as the Court explained above,

*Kellogg* answered a different question than the one presented here (and by extension, in *Carter I*). In fact, *Carter I* is one of the related cases discussed in *Kellogg*, in which the Supreme Court noted that the district court "dismissed this second complaint under the first-to file rule because respondent's own earlier case was still pending on appeal." *Kellogg*, 575 U.S. at 655. The Supreme Court left that decision undisturbed because it was not at issue in the *Kellogg* appeal. *See generally id.* Notably, the language used by the Supreme Court in explaining *Carter I* supports this Court's application of the word "pending" here to include those cases still pending on appeal. *See id.* at 655 (noting that the district court dismissed the complaint in *Carter I* "because respondent's own earlier case *was still pending* on appeal" (emphasis added)).[1]

Other courts agree that *Kellogg* does not warrant a different outcome. For example, in *United States of America ex. rel. VIB Partners, et al. v. LHC Group, Inc.,* Case No. 3:22-cv-415, 2024 WL 5651594 (E.D. Tenn. March 29, 2024), the district court cited *Kellogg* and the two *Carter* cases in concluding that a case is "pending" for purposes of the FCA's first-to-file bar while it is on appeal. *See VIB Partners*, 2024 WL 5651594, at *7-8.

The Court's conclusion is also supported by the definition of "pending" that is applied to the discretionary "first-to-file" rule. *See Miccosukee Tribe of Indians of Fl. v. United States Dept. of Treasury*, Case No. 20-cv-23182-KMW, 2020 WL 9720369, at *3 (S.D. Fla. Oct. 1, 2020) (Williams, J.) ("Courts have routinely applied the first-filed rule when the dismissal of the earlier-filed case is pending on appeal." (collecting cases)). Olhausen argues that the principles behind the discretionary "first-to-file" rule are not the same as those behind the FCA first-to-file rule. (Pl.'s Resp., at 6.) But even if that were true, that is not a reason for the Court, absent a different indication from Congress, to apply a definition of "pending" contrary both to its ordinary meaning and the way in which the term is applied by courts in different contexts, absent a different indication from Congress.

Similarly, Olhausen believes that dismissing his complaint would not further the goals of the FCA as "this case does not present a scenario involving an opportunist trying to piggyback on another whistleblower's case. Rather, as

---

[1] Likewise, the respondent in *Kellogg* filed a fourth complaint, *Carter* IV, "but the District Court [in *Carter II*] dismissed Carter IV on the ground that the petition for a writ of certiorari in Carter III [the case before the Supreme Court in *Kellogg*] *was still pending.*" *Kellogg*, 575 U.S. at 656 (emphasis added). *Carter II* was likewise left untouched by the Supreme Court in *Kellogg*.

Mr. Olhausen has made clear, he would dismiss *Olhausen I* if this case were permitted to proceed." (*Id.* at 7.) But the FCA does not provide a carveout from the first-to-file bar for the same plaintiff bringing two related actions. This Court will not create one.

Therefore, Olhausen's case is dismissed because it violates the FCA's first-to-file bar. Whether the complaint is dismissed with or without prejudice is discussed below.

### B. Whether *Res Judicata* Applies to Counts I and II

Normally, a suit is dismissed without prejudice when it runs afoul of the FCA's first-to-file bar. *See Cho on behalf of States v. Surgery Partners, Inc.*, 30 F.4th 1035, 1045 (11th Cir. 2022). However, the Defendants believe *res judicata* applies to Counts I and II—and therefore they should be dismissed with prejudice—because the Eleventh Circuit affirmed this Court's dismissal of Count IV in *Olhausen I*, which alleged the same misconduct as Counts I and II in *Olhausen II*. *See Olhausen*, 124 F.4th at 869; Defs.' Mot., at 7-9. The Court agrees.

*Res judicata* prohibits "claims which were raised or could have been raised in an earlier proceeding." *Christman v. St. Lucie Cnty., Fla.*, 509 F.App'x 878, 878 (11th Cir. 2013). Whether *res judicata* applies is determined by a four-part test: "(1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties must be identical in both suits; and (4) the same causes of action must be involved in both cases." *Id.* at 878-79. Olhausen only disputes the first element, arguing that there was not a final judgment on the merits because claims I and II in *Olhausen I* were dismissed without prejudice. (Pl.'s Resp., at 7.)

In a vacuum, a dismissal without prejudice "does not constitute a 'final judgment on the merits' and thus has no res judicata effect." *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (citation omitted). But Olhausen does not tell the whole story. Here, the Court denied Olhausen's leave to amend, and Olhausen did not appeal that denial. Therefore, when the Eleventh Circuit affirmed this Court's dismissal of Count IV, it was a final adjudication on the merits of that claim and had *res judicata* effect.

In *Christman*, the district court found that there was a final judgment on the merits and *res judicata* applied when (1) the Plaintiffs' previous claim was dismissed without prejudice; (2) the Plaintiffs' motion to amend the complaint was denied; and (3) the Eleventh Circuit affirmed that decision. *Christman v. St. Lucie Cnty., Fla.*, CASE NO. 12-14130-CIV, 2012 WL 12894795, at *2 (S.D.

Fla. July 2, 2012) (Graham, J.) The district court there explained that "[a] decision on direct appeal constitutes an adjudication on the merits" and "[t]hus, Plaintiffs' previous claim was adjudicated on the merits by the Eleventh Circuit Court of Appeals[.]" *Id.* (citation omitted).

The Eleventh Circuit then affirmed the district court's finding of *res judicata*, concluding that "[t]he denial of leave to amend the Christmans' prior complaint was an adjudication on the merits as to the proposed claims." *Christman*, 509 F. App'x at 879 (citation omitted). The Court noted that "[o]ther circuits have held that the denial of leave to amend constitutes *res judicata* on the merits of the claims 'which were the subject of the proposed amended pleading.'" *Id.* (citations omitted).

The Eleventh Circuit cited with approval the First Circuit's opinion in *Hatch v. Trail King Indus., Inc.*, 699 F.3d 38 (1st Cir. 2012). *See Christman*, 509 F. App'x at 879. In *Hatch*, the plaintiffs "made a strategic choice not to appeal the district court's denial of their motion for leave to amend, even though they could have. *Hatch*, 699 F.3d at 46. In finding that *res judicata* applied, the First Circuit explained that the plaintiffs "must live with" the strategic choices they make." *Id.* The First Circuit explained that "[i]t is axiomatic that the [*res judicata*] doctrine requires a party to live with its strategic choices." *Id.* at 45. "Those strategic choices include whether to attempt to amend a complaint and whether to appeal a denial of such an attempt." *Id.* And, "[w]hen a party chooses to move for leave to amend its complaint and then not to appeal denial of that motion, the party is not entitled to a second opportunity in a later action to litigate the claim . . . ." *Id.* (cleaned up). This is so because "the party's recourse is to appeal, not to start a new action."

Here, *res judicata* applies to Counts I and II. In *Olhausen I*, the Court dismissed Counts II, IV, and VI without prejudice and without leave to amend. (*Olhausen I*, Order on Mot. to Dismiss, at 74.) The Court then denied Olhausen's attempt to amend his complaint, noting that "[f]our weeks after the dismissal order and two months after the amendment deadline, Olhausen" tried to amend his complaint. (*Olhausen I*, Order Denying Mot. for Recon., at 3.) When the Defendants filed their motion to dismiss, "Olhausen had a choice: stand on his pleading and oppose the motion to dismiss or request leave to amend in order to address his pleading's flaws." (*Id.*) "As a tactical decision, Olhausen chose to oppose the motion and lost." (*Id.*)

Olhausen did not appeal the Court's decision to deny him leave to amend when he appealed the Court's dismissal of Counts II, IV and VI in *Olhausen I*, to the Eleventh Circuit, "even though [he] could have." *Hatch*, 699 F.3d at 46. This was another strategic decision Olhausen made. Thus, when the Eleventh Circuit affirmed this Court's decision to dismiss (even without prejudice) the

non-Florida location count in *Olhausen I* (Counts I and II here, and Count IV in *Olhausen I*), that was a final adjudication on the merits of that claim—and proposed amendments to that claim. *See Christman*, 2012 WL 12894795, at *2; *Christman*, 509 F.App'x at 879; *see also McMillan v. Fulton Cnty., GA*, 352 F. App'x 329, 331 (11th Cir. 2009) ("McMillan did not challenge the denial of her motion to amend her complaint in her appeal. This court has since affirmed the district court's summary judgment order in McMillan I. Therefore, there is a final decision on the merits, and the court properly applied res judicata to the instant complaint." (citation omitted)). He is thus "not entitled to a second opportunity in a later action to litigate the claim." *Hatch*, 699 F.3d at 45.

      Olhausen does not really attempt to distinguish *Christman*. He only states that "[n]one of the cases Defendants rely on involved dismissal without prejudice." (Pl.'s Resp., at 7.) That argument is unavailing, for two primary reasons. First, the argument is not accurate. As the Court explained above, the district court in the *Christman* case found that *res judicata* applied to its dismissal of the plaintiffs' claims without prejudice and without leave to amend after the Eleventh Circuit affirmed the dismissal. *See Christman*, 2012 WL 12894795, at *2. The Eleventh Circuit then affirmed the district court's finding of *res judicata*. *See Christman*, 509 F. App'x at 879. In other words, the Eleventh Circuit affirmed the district court's finding of *res judicata* even though the dismissal was without prejudice.

      Second, the rationale in *Christman* is arguably stronger here. In *Christman*, the plaintiffs appealed the district court's denial of its motion to amend. *See id.* Here, as the Court has stated *ad nauseum*, Olhausen opted to not take such an appeal. Olhausen must live with that decision. *See Hatch*, 699 F.3d at 46. He—and other plaintiffs in the future—cannot get around the holding in *Christman* by opting not to appeal the denial of the motion to amend in the first place.[2] *See id.* (explaining that a "party's recourse is to appeal, not to start a new action"). Doing so would contravene the protections afforded to litigants by *res judicata*, which was "founded on the principle that a prior opportunity to litigate protects a party's adversaries from the vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Christman*, 509 F.App'x at 878 (cleaned up).

      Thus, when Olhausen did not appeal this Court's denial of his leave to amend and the Eleventh Circuit affirmed this Court's dismissal of Count IV in

---

[2] The Court's holding is narrow. The Court only holds that *res judicata* applies when a plaintiff appeals a dismissal (whether it be with or without prejudice), opts not to appeal the leave to amend, and that dismissal is subsequently affirmed on appeal.

*Olhausen I*, see *Olhausen*, 124 F.4th at 869, there was "[a] decision on direct appeal [that] constitutes an adjudication on the merits" of Olhausen's non-Florida location claims and amendments thereto. *See Christman*, 2012 WL 12894795, at *2.

Therefore, Counts I and II are dismissed with prejudice.

### C. Whether Count III Should Be Dismissed With or Without Prejudice

The Defendants also seek dismissal with prejudice on the grounds that "Olhausen has not just abused the judicial process with duplicative litigation, but explicitly used his duplicative litigation to circumvent the judicial process when he does not get his way." (Defs.' Mot., at 9-10.)

"District courts possess the inherent power to police their dockets, including "dismissing [an] action with or without prejudice." *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015). While Olhausen has shown, time and again, that he makes strategic decisions with the (mistaken) belief that they have no repercussions, the Court cannot yet determine that his actions rise to the level of frivolity that would make this Court dismiss the remaining claim in this action—Count III (assignments of benefits)—with prejudice solely on the Court's inherent ability to police its own docket.

However, the Court is concerned with the propriety of Count III. Count III in *Olhausen II*—Olhausen's assignment of benefits claim—seems to be the same claim as Count II in *Olhausen I*. (*Compare Olhausen I*, Third Am. Compl. at ¶¶ 371-82 *with Olhausen I*, Compl. ¶¶ 304-20.) And Count II in *Olhausen I* remains pending due to the Eleventh Circuit's vacatur of the Court's dismissal of that count. The Court is thus concerned with the procedural propriety of Count III. *See, e.g., Daker v. Ward*, NO. 7:20-CV-89-HL-TQL, 2022 WL 1233208, at *2 (M.D. Ga. April 26, 2022) (dismissing, albeit without prejudice, a plaintiff's claims where the "Plaintiff chose to appeal [the decisions dismissing his claims] rather than refile those claims, and those appeals were pending at the time he filed the Amended Complaint in this action); *Jones v. District of Columbia*, Civil Action No. 1:21-cv-01696 (UNA), 2021 WL 5564631, at *1 (D.D.C. Nov. 23, 2021) (dismissing case where the "case [was] substantially similar to other matters that plaintiff has already filed in this District," one of which was dismissed and "currently pending on appeal").

Therefore, the parties are directed to **show cause** by May 16, 2025, why Count III is or is not procedurally proper. The Court will then enter a separate order explaining whether Count III is dismissed with or without prejudice.

### 4. Conclusion

For the foregoing reasons, the Court **grants** the Defendants' motion to dismiss (**ECF No. 50**). Counts I and II are dismissed **with prejudice**, while the Court will determine whether Count III is dismissed with or without prejudice following the parties' response to the Court's order to show cause.

**Done and ordered** in Miami, Florida, on May 6, 2025.

Robert N. Scola, Jr.
United States District Judge