United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States *ex rel.* Troy Olhausen, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-23916-Civ-Scola ) |
| Arriva Medical, LLC, and others, Defendants. | ) ) ) |

### Order on Order to Show Cause

On May 7, 2025, the Court dismissed Counts I and II with prejudice and ordered the parties to brief whether Count III should be dismissed with or without prejudice. (Order Granting Mot. to Dismiss, ECF No. 57.) Both parties responded. (*See* Pl.'s Resp., ECF No. 58; Defs.' Resp., ECF No. 60.) The Plaintiff, Troy Olhausen, simultaneously filed a notice of voluntary dismissal of Count III pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The Court has considered the briefing, the record, the relevant legal authorities, and is otherwise fully advised. For the reasons that follow, the Court **dismisses** Count III **without prejudice**. The Court directs the clerk to **close** this case.

To start, the Court dismissed Count III due to the False Claims Act's first-to-file rule. Typically, dismissals due to the False Claims Act's first-to-file rule are without prejudice. *See Cho on the behalf of the United States v. Surgery Partners, Inc.*, 30 F.4th 1035, 1045 (11th Cir. 2022). Moreover, Olhausen was allowed under Fed. R. Civ. P. 41(a)(1)(A)(i) to voluntarily dismiss Count III without prejudice. Under such circumstances, the Court finds it appropriate to dismiss Count III without prejudice.

The Court understands that the procedural posture of this case, in conjunction with Olhausen I, is unique and complex. Its uniqueness and complexity, however, is of Olhausen's own doing. Furthermore, the Court cautions Olhausen to give serious thought before he refiles Count III. Count III is the same claim as Count II in *United States ex rel. Troy Olhausen*, Case No. 1:19-cv-20190-RNS (S.D. Fla.) ("*Olhausen I*"). (*See* Order at 9.) On June 11, 2015, the Court granted the motion to dismiss in *Olhausen I*. (*See Olhausen I*, ECF No. 120.) The Court specifically dismissed Count II in *Olhausen I* with prejudice. (*See id.* at 14-15.) Therefore, Count III here—should it be refiled—is likely barred by *res judicata* and frivolous.

However, the Court need not reach the issue of *res judicata*, as Count III has been voluntarily dismissed by Olhausen and is barred by the False Claims Act's first-to-file rule.

**Done and ordered** in Miami, Florida, on June 18, 2025.

_____
Robert N. Scola, Jr.
United States District Judge